87 F.3d 393
 24 Media L. Rep. 2166, 96 Cal. Daily Op. Serv. 4759,
96 Daily Journal D.A.R. 7667,
3 Communications Reg. (P&F) 586
 Pete WILSON, Governor; Californians for Senator Pete
Wilson; Leo McCarthy; McCarthy for U.S. Senator,
Plaintiffs-Appellants,
v.
A. H. BELO CORP.; KXTV; Great Western Broadcasting
Corporation; Channel 40 Licensee; Renaissance
Communications Corp.; Fidelity Television; CBS; Christ
Craft Industries Inc.; NBC Subsidiary Inc.; KNBC TV; NBC
INC.; KTLA Inc.; Chronicle Broadcasting of San Francisco
Inc.; KRON TV; KTVU INC.; Cox Enterprises;
McGraw-Hill Broadcasting Company Inc.; KGTV; San Joaquin
Communications Corp.; KSEE; Meredith Broadcasting Inc.;
KMST; Retlaw Broadcasting; KTXL, KRBK; Koplar
Communications of California; Koplar Communications Inc.;
KCBC; National Broadcasting Company, Inc.; KJEO; KGET;
Acerkley Communications, Inc., Defendants-Appellees.
Pete WILSON, et. al., Plaintiffs-Appellants,
v.
A.H. BELO CORP., et. al., Defendants-Appellees.
 Nos. 92-16040, 92-16576.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 14, 1996.
Decided June 27, 1996.
 
 Michael Jablonski, Savell & Williams, Atlanta, Georgia, for plaintiffs-appellants.
 Carter G. Phillips, Sidley & Austin, Washington, D.C., for defendants-appellees.
 Christopher J. Wright, Deputy General Counsel, Washington, D.C., for amicus curiae Federal Communications Com'n.
 Appeals from the United States District Court for the Eastern District of California, Lawrence K. Karlton, District Judge, Presiding. D.C. Nos. CV-91-1206-LKK, CV-92-659-LKK.
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS, District Judge.*
 TASHIMA, Circuit Judge:
 
 
 1
 The two actions underlying these consolidated appeals seek to recover alleged overcharges for political advertising in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 315(b). The district court held that a preemptive Declaratory Ruling issued by the Federal Communications Commission ("FCC") during the pendency of the first action divested the district court of jurisdiction under the Hobbs Act, 28 U.S.C. § 2342. We affirm the district court's dismissal of the actions for lack of subject matter jurisdiction.
 
 BACKGROUND
 
 2
 Various political candidates and their campaign committees (collectively, the "Candidates") initiated these two actions against numerous California television stations (the "Stations") to recover amounts allegedly overpaid for campaign advertisements. The first complaint, filed September 10, 1991, seeks to recover overcharges in the 1988 race for United States Senator from California. The second complaint, filed April 3, 1992, seeks to recover for overcharges in the 1990 campaigns. The Candidates allege that the Stations' charges exceeded the "lowest unit charge" limitation imposed by § 315(b).[1] Both complaints include supplemental claims under state law for breach of written contract, negligent misrepresentation, and breach of the covenant of good faith and fair dealing.
 
 
 3
 On December 13, 1991--while the first of these two cases was pending in the district court--the FCC issued a Declaratory Ruling asserting its exclusive authority to entertain and adjudicate § 315(b) claims. In re: Exclusive Jurisdiction With Respect to Potential Violations of the Lowest Unit Charge Requirements of Section 315(b) of the Communications Act of 1934, as amended ("Declaratory Ruling "), 6 F.C.C.R. 7511 (1991). The FCC held that federal law preempts "any state cause of action dependent on any determination of the lowest unit charge under Section 315(b) of the Communications Act." Id. at 1. The FCC also found that no private cause of action exists under § 315(b). Id. at 5 n. 17.
 
 
 4
 On January 15, 1992, numerous politicians from Georgia and Alabama, who were not parties to these actions, petitioned the FCC to reconsider the Declaratory Ruling. The FCC denied the petitions for reconsideration on June 12, 1992. Declaratory Ruling: Order on Reconsideration, 7 F.C.C.R. 4123 (1992).
 
 
 5
 On April 27, 1992, the district court held that as a final order of the FCC, the Declaratory Ruling divested the district court of jurisdiction because 28 U.S.C. § 2342 provides exclusive jurisdiction in the courts of appeals to enjoin, set aside, suspend or determine the validity of all final orders of the FCC. Accordingly, the district court dismissed the complaint in the first action for lack of subject matter jurisdiction and entered judgment for the Stations on April 29, 1992. The Candidates filed a timely notice of appeal on May 26, 1992.
 
 
 6
 On July 29, 1992, the parties to the second case stipulated that the district court's April 27, 1992, order dismissing the first action was controlling in the second action as well. Thus, the parties stipulated to a dismissal of the second action for lack of jurisdiction while reserving the Candidates' right to appeal from the dismissal. The district court entered judgment in the second action on August 11, 1992, and the Candidates filed a timely notice of appeal on August 14, 1992.[2]
 
 
 7
 While these appeals were pending in this court, political candidates in Georgia and Alabama filed a challenge to the Declaratory Ruling before the Eleventh Circuit. Miller v. FCC, 66 F.3d 1140 (11th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1543, 134 L.Ed.2d 647 (1996). On September 23, 1992, we issued an order staying all proceedings pending the Eleventh Circuit's resolution of the challenge to the Declaratory Ruling. On February 12, 1993, we granted a voluntary dismissal of the appeal with a right to reinstate appeals. On September 29, 1995, the Eleventh Circuit held that the Declaratory Ruling was merely an agency opinion--not a regulation or an adjudication--and thus, there was no actual case or controversy before the court. Miller, 66 F.3d at 1144-45. The Miller court refused to exercise jurisdiction under 47 U.S.C. § 402(a) and 28 U.S.C. § 2342 and dismissed the petition for review of the Declaratory Ruling. We reinstated the instant appeals on November 6, 1995.
 
 JURISDICTION
 
 8
 The district court had jurisdiction to determine its own subject matter jurisdiction. United States v. United Mine Workers, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947). We have jurisdiction over the district court's dismissal of the actions under 28 U.S.C. § 1291.
 
 STANDARD OF REVIEW
 
 9
 The existence of subject matter jurisdiction is a question of law, which we review de novo. Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir.1994); Yokeno v. Mafnas, 973 F.2d 803, 806 (9th Cir.1992). We review the district court's findings of fact relevant to its determination of subject matter jurisdiction for clear error. Id.; Dweck v. Japan CBM Corp., 877 F.2d 790, 792 (9th Cir.1989).
 
 DISCUSSION
 I. Subject Matter Jurisdiction
 
 10
 We have previously recognized that "[p]arties seeking to challenge the validity of FCC orders must do so through actions in the circuit courts under 47 U.S.C. § 402 and 28 U.S.C. § 2342(1)." Hawaiian Tel. Co. v. Public Util. Comm'n, 827 F.2d 1264, 1270 n. 12 (9th Cir.1987), cert. denied, 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988). Section 402(a) provides:
 
 
 11
 Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section)[3] shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28.
 
 
 12
 47 U.S.C. § 402(a) (footnote added). The Hobbs Act, in turn, states:
 
 
 13
 The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of--
 
 
 14
 (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47.
 
 
 15
 28 U.S.C. § 2342(1). Together, these two provisions vest the courts of appeals with exclusive jurisdiction to review the validity of FCC rulings.
 
 
 16
 Thus, the district court's ruling that it lacked jurisdiction over the instant actions was proper if (1) the Declaratory Ruling was a final order of the FCC made reviewable by 47 U.S.C. § 402(a), and (2) these proceedings would have required the district court to enjoin, set aside, suspend, or determine the validity of the Declaratory Ruling.
 
 
 17
 A. The Declaratory Ruling Was A Final Order Made Reviewable by 47 U.S.C. § 402(a)
 
 1. Finality
 
 18
 The Declaratory Ruling became "final" on the date of public notice--December 13, 1991. 47 C.F.R. § 1.103(b) (FCC action becomes final on date of public notice); 47 C.F.R. § 1.4(b)(2) (for non-rulemaking documents, public notice occurs on release date); California Ass'n of the Physically Handicapped, Inc. v. FCC, 833 F.2d 1333, 1334 (9th Cir.1987).
 
 
 19
 2."Order"
 
 
 20
 The Declaratory Ruling also fits the statutory definition of an "order." The Administrative Procedure Act ("APA") defines an "order" as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making...." 5 U.S.C. § 551(6) (emphasis added). The APA explicitly provides that "[t]he agency, with like effect as in the case of other orders, and in its sound discretion, may issue a declaratory order to terminate a controversy or remove uncertainty." 5 U.S.C. § 554(e). Pursuant to this statutory authorization, 47 C.F.R. § 1.2 provides:
 
 
 21
 Declaratory rulings.
 
 
 22
 The Commission may, in accordance with section 5(d) of the Administrative Procedure Act, on motion or on its own motion issue a declaratory ruling terminating a controversy or removing uncertainty.
 
 47 C.F.R. § 1.2.[4]
 
 23
 Here, the FCC issued the Declaratory Ruling to terminate controversy and to remove uncertainty with respect to political advertisements and the "lowest unit charge" requirement. Candidates in at least three states--Georgia, Alabama, and California--have resorted to court litigation, as opposed to administrative remedies, to enforce the "lowest unit charge" requirement of § 315(b). In response, the FCC solicited comments on whether it should assert exclusive authority to enforce § 315(b) claims. 56 Fed.Reg. 51,895 (1991). In issuing the Declaratory Ruling, the FCC noted that "inconsistency in the enforcement of Section 315(b) would leave both candidates and broadcasters unsure of their respective rights and responsibilities under the lowest unit charge requirement." 6 F.C.C.R. at 7512 p 13. The Declaratory Ruling constitutes the FCC's "final disposition.. declaratory in form," 5 U.S.C. § 551(6), as to the appropriate forum for § 315(b) claims.
 
 
 24
 The Candidates contend that the FCC lacked authority to issue the Declaratory Ruling under 5 U.S.C. § 554(e) because the FCC's conclusions were not determined on the record after an opportunity for an agency hearing. See 5 U.S.C. § 554(a) ("This section applies, according to the provisions thereof, in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing...."). The Supreme Court has explicitly rejected this interpretation of the APA. In Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973), the Court held that an agency need not conduct an individualized hearing and adjudication before issuing a declaratory ruling under 5 U.S.C. § 554(e). Id. at 625-26, 93 S.Ct. at 2481.
 
 
 25
 Citing Girard v. Klopfenstein, 930 F.2d 738 (9th Cir.1991), cert. denied, 502 U.S. 858, 112 S.Ct. 173, 116 L.Ed.2d 136 (1991), the Candidates further assert that 5 U.S.C. § 554(e) does not apply here because there is no statute requiring an adjudication. However, in Girard, we held merely that a hearing before an ALJ pursuant to § 554(a) was unnecessary because a debarment hearing was not required by statute. Id. at 741. Girard did not address an agency's authority under § 554(e) to issue declaratory rulings, and thus, is inapplicable to the instant case.
 
 3. Reviewability Under 47 U.S.C. § 402(a)
 
 26
 In Miller, the Eleventh Circuit held that the Declaratory Ruling at issue here is not reviewable under § 402(a). 66 F.3d at 1144. The Miller court concluded that the Declaratory Ruling amounted to nothing more than an "agency opinion" because it was neither a regulation promulgated pursuant to the FCC's rule-making authority nor an adjudication of a pending case involving a dispute between a candidate and a broadcast station licensee. Id. Thus, the court dismissed the petition for lack of a case or controversy. Id. at 1146.
 
 
 27
 A central flaw in the Miller court's reasoning is its unwarranted assumption that an FCC order must be either a regulation or an adjudication in order to trigger reviewability by a court of appeals under § 2342 and § 402(a). Id. In fact, the Declaratory Ruling "with like effect as in the case of other orders," 5 U.S.C. § 554(e), is subject to the exclusive review of the court of appeals. In FCC v. ITT World Communications, Inc., 466 U.S. 463, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984), the respondents challenged an FCC order denying their petition for rulemaking. Although the FCC order could not be described as either a rulemaking or an adjudication, the Court characterized the FCC's denial of respondents' rulemaking petition as a "final FCC order[ ]" and held that exclusive jurisdiction for review of the order lay in the court of appeals. Id. at 468, 104 S.Ct. at 1939.
 
 
 28
 In Air Transport Ass'n v. Public Util. Comm'n, 833 F.2d 200 (9th Cir.1987), cert. denied, 487 U.S. 1236, 108 S.Ct. 2904, 101 L.Ed.2d 936 (1988), we concluded that we had exclusive jurisdiction to review a declaratory ruling as a final order of the FCC. We reasoned that once the FCC explicitly considered and rejected the plaintiffs' preemption argument in a declaratory ruling, the district court lost jurisdiction to consider the preemption issue. Id. at 206; cf. California, ex rel. State Water Resources Bd. v. FERC, 877 F.2d 743, (9th Cir.1989) (reviewing, under 16 U.S.C. § 825l(b), FERC's declaratory order preempting state regulation), affirmed, 495 U.S. 490, 110 S.Ct. 2024, 109 L.Ed.2d 474 (1990).
 
 
 29
 The Candidates attempt to distinguish Air Transport Ass'n on the ground that there was an actual case or controversy between the plaintiffs and defendants that was adjudicated by the FCC's declaratory order in that case. This distinction is inapposite. The statute and regulation clearly contemplate that the FCC may issue a declaratory ruling sua sponte--even in the absence of any parties before it--to terminate a controversy or remove uncertainty. 5 U.S.C. § 554(e); 47 C.F.R. § 1.2. The Declaratory Ruling is binding on the Candidates even though they were not parties to the FCC proceedings.[5] See Frozen Food Express v. United States, 351 U.S. 40, 42, 44, 76 S.Ct. 569, 570, 571, 100 L.Ed. 910 (1956) (ICC's declaratory order warned every carrier--even plaintiffs, who were not parties to the administrative proceedings--of the risk of incurring criminal penalties for transporting certain commodities without authority). Further, we have previously noted that "to the degree that they are applicable at all, ripeness concerns should be given less weight in agency adjudications than in judicial ones." Chavez v. Director, Office of Workers Compensation Programs, 961 F.2d 1409, 1414 (9th Cir.1992); see also Central Freight Lines v. ICC, 899 F.2d 413, 417 (5th Cir.1990) ("the case or controversy requirement of Article III 'does not restrict an agency's authority to issue declaratory rulings under 5 U.S.C. § 554(e).' ") (quoting Texas v. United States, 866 F.2d 1546, 1551 (5th Cir.1989)); California Ass'n of Physically Handicapped v. FCC, 778 F.2d 823, 826 n. 8 (D.C.Cir.1985).
 
 
 30
 All other circuits to have decided the issue, except the Eleventh, have likewise invoked their exclusive jurisdiction under 28 U.S.C. § 2342 and 47 U.S.C. § 402(a) to review FCC declaratory rulings. See New York State Broadcasters Ass'n v. United States, 414 F.2d 990, 994 (2nd Cir.1969) (FCC declaratory ruling was reviewable "as in the case of other orders" by the court of appeals under 47 U.S.C. § 402(a)) (citing Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 372 n. 3, 89 S.Ct. 1794, 1797 n. 3, 23 L.Ed.2d 371 (1969)), cert. denied, 396 U.S. 1061, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970); North Carolina Util. Comm'n v. FCC, 537 F.2d 787 (4th Cir.) (reviewing and upholding preemptive FCC declaratory ruling), cert. denied, 429 U.S. 1027, 97 S.Ct. 651, 50 L.Ed.2d 631 (1976); State Corp. Comm'n v. FCC, 787 F.2d 1421, 1428 (10th Cir.1986) (reviewing and affirming a preemptive declaratory order of the FCC); Telecommunications Research & Action Ctr. v. FCC, 26 F.3d 185, 190-92 (D.C.Cir.1994) (reviewing and upholding FCC declaratory ruling interpreting 47 U.S.C. § 315(a)); New York State Comm'n on Cable Television v. FCC, 749 F.2d 804, 805, 815 (D.C.Cir.1984) (reviewing and affirming preemptive FCC declaratory ruling). Thus, regardless of whether it may be characterized as a rulemaking, an adjudication, or neither, an FCC declaratory ruling, such as the one at issue here, is reviewable under § 402(a) without implicating Article III concerns.
 
 
 31
 Another flaw in Miller 's analysis is the misplaced reliance on Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800 (11th Cir.1993), cert. denied, 510 U.S. 1040, 114 S.Ct. 683, 126 L.Ed.2d 651 (1994), and New Jersey Speech-Language-Hearing Ass'n v. Prudential Ins. Co., 724 F.2d 383 (3d Cir.1983). Miller, 66 F.3d at 1146. Neither case stands for the proposition that the case or controversy requirement prohibits judicial review of a declaratory ruling by an administrative agency. Instead, the cases merely hold that a district court lacks jurisdiction to review the action of an administrative agency where plaintiffs fail to establish an injury to themselves sufficient to confer standing. Region 8 Forest Service Timber Purchasers Council, 993 F.2d at 804, 811; New Jersey Speech-Language-Hearing Ass'n, 724 F.2d at 385, 388.
 
 
 32
 Here, the Candidates have suffered injury in fact. The Declaratory Ruling "was expected to and did have legal consequences." Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970). The Declaratory Ruling has touched the vital interests of the Candidates in that it has determined the viability of their § 315(b) claims and related state law claims for overcharges in political advertising. The determination made by the FCC is "not therefore abstract, theoretical, or academic." Frozen Food Express, 351 U.S. at 44-45, 76 S.Ct. at 571-72 (action to enjoin and set aside ICC's declaratory ruling that set the standard for shaping a segment of the trucking business was justiciable). Region 8 Forest Service Timber Purchasers Council and New Jersey Speech-Language-Hearing Ass'n do not in any way affect the reviewability of the Declaratory Ruling under § 402(a).
 
 
 33
 B. These Actions Would Have Required the District Court to Enjoin, Set Aside, Suspend or Determine the Validity of the FCC's Final Order
 
 
 34
 The FCC gave notice of its intention to issue a declaratory ruling on October 10, 1991, and issued the Declaratory Ruling on December 13, 1991. 56 Fed.Reg. 51,895 (1991); 6 F.C.C.R. 7511 (1991). The Candidates emphasize that because their first complaint was filed on September 10, 1991--prior to the FCC's issuance of the Declaratory Ruling--at least the first action cannot be construed as a collateral attack on the Declaratory Ruling.
 
 
 35
 A complaint need not be a collateral attack on a declaratory ruling for 28 U.S.C. § 2342 to vest exclusive jurisdiction in the court of appeals. All that is required is that the complaint filed in the district court raise the same issues and seek the same relief in substance as the declaratory ruling. See FCC v. ITT World Communications, Inc., 466 U.S. at 468, 104 S.Ct. at 1939 (where complaint filed in district court raised the same issues and sought to enforce the same restrictions as did the petition denied by the FCC, the appropriate procedure for judicial review was appeal to the court of appeals under 28 U.S.C. § 2342(1)).
 
 
 36
 As the district court noted, the Candidates' claims raise the same issues decided by the FCC in the Declaratory Ruling: whether federal law preempts state causes of action dependent on a determination of the lowest unit charge, whether a private cause of action exists under § 315(b), and whether the FCC is the sole forum for adjudicating such claims. If the district court disagreed with the Declaratory Ruling, the effect of the proceeding would have been to enjoin, set aside, or suspend the Declaratory Ruling--all actions which are within the exclusive domain of the court of appeals under § 2342. Even if the district court agreed with the Declaratory Ruling, that result would have required a determination of the validity of the Declaratory Ruling, which also would violate § 2342.
 
 
 37
 Thus, it is irrelevant that the Candidates' first suit was filed prior to the FCC's issuance of the Declaratory Ruling. Once the Declaratory Ruling became final, it divested the district court of jurisdiction to consider the issues decided in the Ruling. See Air Transport Ass'n, 833 F.2d at 206 (even though action was initiated prior to FCC ruling, "once ATA filed a petition for declaratory ruling and obtained an order denying its petition, the district court lost jurisdiction to consider the preemption issue").
 
 II. Merits of the Preemption Issues
 
 38
 The Candidates devote the great bulk of their briefs to attacking the merits of the Declaratory Ruling. However, the only issue before us is whether the district court had jurisdiction to review the Declaratory Ruling--not whether the Declaratory Ruling is substantively correct.
 
 
 39
 In effect, the Candidates request that we reverse the district court's proper jurisdictional ruling on the ground that affirmance would effectively ratify a purportedly unauthorized FCC ruling on preemption. As did numerous politicians in Georgia and Alabama, the Candidates should have petitioned this court to review the Declaratory Ruling after first petitioning the FCC to reconsider. 47 U.S.C. § 405(a) ("[t]he filing of a petition for reconsideration shall not be a condition precedent to judicial review of any such order, decision, report, or action, except where the party seeking such review (1) was not a party to the proceedings resulting in such order, decision, report, or action"). The Candidates' failure to follow the statutory procedure for obtaining review of the Declaratory Ruling does not create jurisdiction in the district court. Cf. Roundtree, 40 F.3d at 1038 (where statute vests courts of appeals with exclusive review, "failure to obtain relief in those courts [does] not free [an aggrieved party] to bring an action in the district court").
 
 
 40
 Significantly, the district court did not reach the merits of the preemption issues. Because we affirm the district court's dismissal for lack of subject matter jurisdiction, we similarly decline to address the merits of the preemption issues.
 
 CONCLUSION
 
 41
 The instant actions would have required the district court to determine the substantive validity of a final FCC order reviewable under 47 U.S.C. § 402(a). Under 28 U.S.C. § 2342, the Declaratory Ruling divested the district court of jurisdiction over the actions, and the court of appeals became the exclusive forum for judicial review of the Declaratory Ruling. We therefore affirm the district court's dismissal of these actions for lack of subject matter jurisdiction.
 
 
 42
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Section 315(b) provides:
 The charges made for the use of any broadcasting station by any person who is a legally qualified candidate for any public office in connection with his campaign for nomination for election, or election, to such office shall not exceed--
 (1) during the forty-five days preceding the date of a primary or primary runoff election and during the sixty days preceding the date of a general or special election in which such person is a candidate, the lowest unit charge of the station for the same class and amount of time for the same period.
 47 U.S.C. § 315(b).
 
 
 [2]
 We granted the Candidates' motion to consolidate the appeals
 
 
 [3]
 Subsection (b) allows appeals from FCC decisions and orders to be taken to the U.S. Court of Appeals for the District of Columbia in certain specific cases, none of which are applicable here. 47 U.S.C. § 402(b)
 
 
 [4]
 Because 5 U.S.C. § 554(e) grants the FCC authority to issue "declaratory orders," and because 47 C.F.R. § 1.2 is derived from § 554(e), it appears that the terms "declaratory order" and "declaratory ruling" are used interchangeably
 
 
 [5]
 Even though the Candidates were not actually before the FCC, several of the Candidates' counsel filed comments to the FCC's proposed declaratory ruling under their firms' names, as did A.H. Belo and Cox Enterprises, Inc., two named defendants in the first action here