105 F.3d 665
 79 A.F.T.R.2d 97-529, 97-1 USTC P 50,161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doreen MOSS, Plaintiff-Appellant, Cross-Appellee,
v.
UNITED STATES of America, Defendant-Appellee, Cross-Appellant.
 Nos. 95-16578, 95-16594.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Jan. 6, 1997.
 
 Before: RONEY,** BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Plaintiff Doreen Moss appeals pro se the district court's partial summary judgment that it lacked subject matter jurisdiction to hear Moss' tax assessment claims. The district court dismissed these claims.
 
 
 3
 The United States cross-appeals the district court's other partial summary judgment granting Moss quiet title to a truck pursuant to 28 U.S.C. § 2410. The United States contends that the district court erred in reaching the merits of Moss' claim to quiet title without making the purchaser of the truck a party to the action. Both parties agree that the purchaser of the truck should have been joined pursuant to Fed.R.Civ.P. 19(a).
 
 
 4
 The district court had jurisdiction over the quiet title claim pursuant to 28 U.S.C. §§ 1340 and 2410. Whether the district court had jurisdiction over Moss' tax assessment claims is at issue. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.
 
 
 5
 * We review de novo a grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We also review de novo the district court's conclusion that it lacked subject matter jurisdiction. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996).
 
 II
 
 6
 In an action against the United States, the district court's jurisdiction contains two components: an express waiver of sovereign immunity and a statutory grant of subject matter jurisdiction. Arford v. United States, 934 F.2d 231, 231 (9th Cir.1991). The district court has subject matter jurisdiction over Moss' claims pursuant to 28 U.S.C. § 1340, which grants a district court "original jurisdiction over any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C. § 1340. Title 28 U.S.C. § 2410(a) waives sovereign immunity over claims to quiet title to any real or personal property on which the United States has a tax lien.
 
 
 7
 A taxpayer may use a § 2410 action only to attack the procedural validity of a tax lien. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). A taxpayer cannot use § 2410 to collaterally attack the merits of an assessment. Id.
 
 
 8
 Three of Moss' claims attack the merits of the assessments and are not actionable under § 2410. Moss' allegations that the Internal Revenue Service failed to make a deficiency determination and failed to issue notices of deficiency address the merits of the assessment. Elias v. Connett, 908 F.2d 521, 527 (1990). Moss uses her assertion that the government failed to produce a signed summary record of assessment in compliance with 26 U.S.C. § 6203 to indicate that the IRS made an invalid assessment. This argument challenges the merits of the assessment, rather than the procedures followed in creating the lien. The district court did not err in its partial summary judgment and dismissal of Moss' claims on the basis that the district court did not have jurisdiction.
 
 
 9
 We need not consider whether the district court erred in dismissing Moss' claim that the IRS failed to send her notices of assessment and payment demands. Although such allegations present procedural challenges to the validity of the tax lien, the district court granted Moss quiet title to the truck on other grounds (the government failed to deliver personal notice as required by 28 U.S.C. 6335(b)).
 
 III
 
 10
 The district court erred in granting partial summary judgment to Moss for quiet title to the truck without joining the purchaser of the truck. Although the issue was not raised in the district court, a party may raise it at any stage in the litigation and we may consider it sua sponte. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968); Shimkus v. Gersten Co., 816 F.2d 1318, 1322 (9th Cir.1987).
 
 
 11
 Moss concedes that the purchaser of the truck should be joined pursuant to Fed.R.Civ.P. 19(a). Fed.R.Civ.P. 19(a) mandates that a person subject to process whose joinder will not deprive the court of jurisdiction must be joined as a party if he claims an interest in the subject of the action and if his absence might as a practical matter impair or impede his ability to protect that interest. The purchaser of the truck is a necessary party because he has an interest in the truck, the subject of the action for quiet title, and his absence impairs his ability to perfect title to the truck.
 
 
 12
 If the purchaser of the truck, as a necessary party, cannot be joined, then the court must determine whether he is an indispensable party, or alternatively, whether the action may proceed in his absence. Fed.R.Civ.P. 19(b) ("If a [necessary party] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.") As no attempt to join the purchaser of the truck has been made, we make no determination that the purchaser is "indispensable."
 
 
 13
 Moss urges us to require the IRS to disclose the name and address of the purchaser of the truck at issue in this case. The government's brief, signed by Gary R. Allen, tells us that the government will not accommodate the taxpayer's request. We give this issue no further consideration because it was not at issue in the proceedings before the district court.
 
 
 14
 We reverse the summary judgment granting quiet title and remand for proceedings consistent with this memorandum.
 
 
 15
 Each party shall bear its own costs.
 
 
 16
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3