110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Tater ALEXANDER, Plaintiff-Appellant,
v.
Richard ENGELN; Joseph Freitas; Michael Margosian; Kelley
Cass, Defendants-Appellees.
 No. 96-15380.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Tater Alexander appeals the district court's dismissal of his suit for lack of federal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 BACKGROUND
 
 3
 Alexander had a custody dispute with Kelley Cass over their two minor children. A Superior Court of California order referred the issues of custody and visitation to Family Court Services for mediation. Alexander was also required to take part in and pay for a psychological evaluation (Cass had already had one). Joseph Freitas is the Family Court Services Counselor assigned to the case. Richard Engeln is the clinical psychologist to whom Alexander was referred by Freitas.
 
 
 4
 Alexander is physically disabled and lives on a fixed income. He states that he did not get the psychological evaluation because of the cost. Engeln sent a letter to Freitas stating that Alexander had come to his office for an interview, but that Engeln could not conduct the interview because Alexander was argumentative and oppositional.
 
 
 5
 Alexander filed suit against Engeln, Freitas, Cass, and Michael Margosian (Cass' lawyer) under 42 U.S.C. §§ 1983, 1985, and 1986 for deprivation of his right to family relations with his children. Alexander's complaint states that all defendants are private individuals. The district court dismissed Alexander's claim for lack of jurisdiction because none of the defendants was a state actor. Alexander appeals. No appellee's brief was filed.
 
 DISCUSSION
 
 6
 We review a district court's conclusion that it lacks jurisdiction de novo. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996).
 
 
 7
 To prove a claim under section 1983, Alexander must show that the party charged with the deprivation is a person who may fairly be said to be a state actor. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). To be a state actor, a private party must do something more than simply act pursuant to a possibly unconstitutional law. Id. at 939.
 
 
 8
 Alexander claims that his section 1983 rights were violated (1) by Freitas' recommendations to the state court concerning custody of the children; (2) by Engeln requiring Alexander to pay the cost of his psychological examination (as the court ordered) and for sending the letter to Freitas; and (3) by Margosian and Cass submitting Engeln's letter to the state court in opposition to a motion by Alexander.
 
 
 9
 All of these claims regard, at most, private parties acting in accordance with a court order. The defendants are not state actors. See id.; Polk County v. Dodson, 454 U.S. 312, 319 n. 9, 325 (1981) (private attorney is not acting under color of state law when performing his function as counsel). Alexander has failed to state a claim under section 1983.
 
 
 10
 To prove a section 1985 conspiracy, Alexander must show: (1) that some racial or class-based invidiously discriminatory animus lay behind the conspirators' actions; and (2) that the conspiracy aimed at interfering with rights protected from private, as well as official, encroachment. Bray v. Alexandria Women's Health Clinic, 113 S.Ct. 753, 758 (1993). Vague and conclusory allegations are not sufficient to withstand dismissal in a suit for civil rights violations based on conspiracy. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 11
 Alexander has stated that the defendants engaged in their conspiracy because he is disabled. However, he has failed to make any specific factual allegations of discriminatory behavior. Alexander has failed to state a claim under section 1985. See id. (conclusory statement of discrimination is not enough to state a claim under section 1985; must make specific factual allegations).
 
 
 12
 A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988). Because Alexander's section 1985 claim is invalid, he has no section 1986 claim either.
 
 
 13
 The district court also held that Alexander failed to state a claim under the Americans with Disabilities Act. Alexander did not plead this claim specifically, and such a claim would not lie because the actions Alexander complains of do not concern his employment, public services, or public accommodations. See 42 U.S.C. §§ 12101-12213.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3