139 F.3d 726
 28 Envtl. L. Rep. 21,054, 98 Cal. Daily Op.
Serv. 1996,
98 Daily Journal D.A.R. 2777
 Gary HOEFLER, Don Wurster, Cameron Anderson and Robin
Anderson, Owners of the Placer Wilson Mining
Claim, Plaintiffs-Appellants,
v.
Bruce BABBITT, Secretary of the Interior; Michael Dombeck,
Acting Director Bureau of Land Management; Elaine
Zielinski, State Director, Oregon Office, Bureau of Land
Management; Dan Glickman, Secretary of Agriculture; Jack
Ward Thomas, Chief Forest Service; Robert W. Williams,
Acting Regional Forester; Mike Lunn, Forest Supervisor,
Siskiyou National Forest; Mary Zuschlag, District Manager,
Defendants-Appellees.
 No. 96-36286.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 2, 1998.
Decided March 20, 1998.
 
 Philip F. Schuster, II, Dierking & Schuster, Portland, OR, for plaintiffs-appellants.
 Robert L. Klarquist, Environment & Natural Resources Division, Department of Justice, Washington, DC, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon; Helen J. Frye, District Judge, Presiding. D.C. No. CV 93-1427 HJF.
 Before: FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 TASHIMA, Circuit Judge:
 
 
 1
 Plaintiffs appeal from the district court's grant of summary judgment and dismissal of their claims relating to a decision of the Interior Board of Land Appeals ("IBLA"), which affirmed a decision of the Bureau of Land Management, declaring their mining claim void ab initio. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]
 
 I.
 
 2
 We review de novo a grant of summary judgment, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997), as well as a dismissal for failure to state a claim. Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996). The existence of subject matter jurisdiction is a question of law reviewed de novo. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996). We review decisions of the IBLA under the arbitrary and capricious standard of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706(2)(A); Gilmore v. Lujan, 947 F.2d 1409, 1411 (9th Cir.1991). Because estoppel is an equitable concept that is invoked by the court in its discretion, we review the district court's rejection of appellants' equitable estoppel argument under the abuse of discretion standard. See United States v. Ruby Co., 588 F.2d 697, 706 (9th Cir.1978) (Ely, J. dissenting) ("As my Brothers appropriately say, courts remain free to reject the application of estoppel to the Government, even though the required elements are present, when, in the exercise of their equitable discretion, they find that countervailing reasons of public policy so require."); see also Scholle Corp. v. Blackhawk Molding Co., Inc., 133 F.3d 1469, 1471 (Fed.Cir.1998) (holding that a district court's finding of equitable estoppel is reviewed under an abuse of discretion standard).
 
 II.
 
 3
 Appellants contend that under the Quiet Title Act, 28 U.S.C. §§ 1346 and 2409a, the IBLA should have referred determination of chain of title validity for the 1912 Navajoe mining claim and the 1929 Wilson mining claim to the federal district court. According to appellants, the IBLA's failure to do so violated the APA because it constituted agency action in excess of statutory jurisdiction. See 5 U.S.C. § 706(2)(C). We reject this argument as wholly without merit.
 
 
 4
 The Department of the Interior has plenary authority over the administration of public lands, including minerals on those lands. Best v. Humboldt Placer Mining Co., 371 U.S. 334, 336, 83 S.Ct. 379, 382, 9 L.Ed.2d 350 (1963). Consequently, "the Department of the Interior has primary jurisdiction to determine the validity of mining claims on public lands." United States v. Bagwell, 961 F.2d 1450, 1453-54 (9th Cir.1992) (citing Foremost Int'l Tours v. Qantas Airways, 525 F.2d 281, 286-87 (9th Cir.1975)); United States v. Haskins, 505 F.2d 246, 253 (9th Cir.1974); Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820, 834 (9th Cir.1963) ("administrative determination should precede adjudication in the courts"). The Department of the Interior is therefore entrusted with the function of making the initial determination, subject to judicial review, as to the validity of claims against mineral lands. Bagwell, 961 F.2d at 1454 (quoting Adams v. United States, 318 F.2d 861, 866 (9th Cir.1963)). The Department is fully empowered to determine whether a claim, such as the one before this Court, is valid and, if it finds the claim invalid, the Department may declare the claim null and void. See Best, 371 U.S. at 337, 83 S.Ct. at 382-83 (quoting Cameron v. United States, 252 U.S. 450, 459-60, 40 S.Ct. 410, 412, 64 L.Ed. 659 (1920)).
 
 
 5
 None of appellants' arguments dents this wall of authority. Cases cited by appellants are inapposite as they address the question of whether the United States may seek a determination of the validity of a mining claim in federal court, not whether the Quiet Title Act commands it to do so. See Humble Oil & Ref. Co. v. Sun Oil Co., 191 F.2d 705, 708 (5th Cir.1951) (determining whether suit was in equity or at law); United States v. Mulligan, 177 F.Supp. 384, 385 (D.Or.1959) (stating that matters before the court were which issues, if any, should be tried by a jury and whether to bifurcate issues into separate trials). As we held in Bagwell, "if the United States determines that the possession of a mining claim is in bad faith, it may choose to bring an action in federal court to recover possession of the public land without first adjudicating the validity of the claim in administrative proceedings." 961 F.2d at 1454 (emphasis added).
 
 
 6
 Appellants' additional contention that the IBLA failed to follow its prior decisions is unavailing because the cases cited by appellants involve disputes between rival claimants and different statutory provisions.[2]
 
 
 7
 Neither the Quiet Title Act nor any other statute or regulation provides a procedure for the IBLA to refer a claim determination to the district court. Under the Quiet Title Act, the United States cannot initiate proceedings, it may only be named as a party defendant. See 28 U.S.C. § 2409a(a) ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights."). Appellants have failed to provide any authority to support their contention that exclusive jurisdiction to determine the validity of unpatented mining claims is vested in the district court pursuant to the Quiet Title Act.
 
 
 8
 The district court correctly held that this action was properly considered under the APA and not under the Quiet Title Act. The APA is the sole means for challenging the legality of federal agency action unless "a party challenges an agency action as violating a federal law ... that has been interpreted as conferring a private right of action, or where a particular regulatory scheme contains a specialized provision for obtaining judicial review of agency actions under the scheme...." Clouser v. Espy, 42 F.3d 1522, 1528 n. 5 (9th Cir.1994). Appellants do not fall within either of the above exceptions. Accordingly, the district court properly dismissed appellants' claim under the Quiet Title Act. The only basis for jurisdiction in this action is under the APA and 28 U.S.C. § 1331. See Andrus v. Charlestone Stone Prods. Co., 436 U.S. 604, 607-08 n. 6, 98 S.Ct. 2002, 2004-05 n. 6, 56 L.Ed.2d 570 (1978) (holding that subject matter jurisdiction to review Department of the Interior decisions voiding mining claims is conferred by 28 U.S.C. § 1331).
 
 III.
 
 9
 We agree with the district court's reasoning and conclusions on all other issues, and affirm the district court for the reasons set forth in its opinion, Hoefler v. Babbitt, 952 F.Supp. 1448 (D.Or.1996).
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The facts are fully set forth in the district court's opinion, Hoefler v. Babbitt, 952 F.Supp. 1448 (D.Or.1996), and we do not repeat them here
 
 
 [2]
 Appellants also cite Shultz v. Department of Army, 10 F.3d 649 (9th Cir.1993). That opinion, however, has been withdrawn. See Shultz v. Department of Army, 96 F.3d 1222 (9th Cir.1996), cert. denied, --- U.S ----, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998)