**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REJEANNE BERNIER,

         Plaintiff - Appellant,

  v.

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY, INC.,

         Defendant - Appellee,

JESSIE CROTEAU and ICS
PROFESSIONAL SERVICES, INC.,

         Intervenor-Defendants -
Appellees.

No. 12-56126

D.C. No. 3:11-cv-00078-JLS-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted September 2, 2015[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rejeanne Bernier appeals the district court's grant of summary judgment to Travelers Property Casualty Insurance Company ("Travelers"), the denial of her motion to remand the case to state court, and other various discovery orders entered by the magistrate judge below. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

*A. Summary Judgment*

The district court did not err by concluding that Bernier's breach of contract and bad faith claims were not timely. Bernier's insurance policy required that all suits against Travelers regarding her policy be brought within one year of the occurrence causing loss or damage. This limitation period began upon Bernier's "reasonable discovery of the loss," not upon her realization of the loss's legal significance. *Prudential-LMI Commercial Ins. v. Superior Court*, 798 P.2d 1230, 1238 (Cal. 1990) (in bank). The district court did not err by concluding that the latest that Bernier could have reasonably discovered the damage to her property was October 2007. This conclusion finds ample support in the record: (1) Bernier witnessed her son, Jessie Croteau (and his construction company, ICS Professional Services, Inc.) remove her home's roof in August 2007; (2) in September 2007, Bernier discovered water damage to her property following a heavy rainstorm, as evidenced by her filing of a claim with Travelers; and (3) in October 2007, Bernier

2

sued Jessie for the damage to her home. Thus, as a matter of law, the inception of the loss could not have occurred any later than October 2007. Accordingly, the district court did not err by concluding that the present action, which was not filed until October 29, 2010, was not filed within one year and was not timely.

The district court did not abuse its discretion by concluding that Travelers was not equitably estopped from asserting its time-bar defense.[1] Travelers did not do anything or fail to do anything that prevented Bernier from bringing her claim within the designated time period. *See City of Hollister v. Monterey Ins. Co.*, 81 Cal. Rptr. 3d 72, 98 (Ct. App. 2008). In fact, Bernier brought an insurance claim *based upon the exact same property damage*, and sued her son Jessie for that same damage, within the designated time period. This shows that Bernier was aware of the damage to her home, was able to file both insurance claims and lawsuits during the relevant time period, and that she chose not to file a malicious mischief or vandalism claim. None of the information Bernier alleges that Travelers should have disclosed to her was (1) indicative of Jessie's motives or (2) not already available to Bernier in some other form. Therefore, because Travelers did not

---

[1]"Because estoppel is an equitable concept requiring the exercise of the district court's discretion, we review 'the district court's rejection of appellants' equitable estoppel argument under the abuse of discretion standard.'" *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (quoting *Hoefler v. Babbitt*, 139 F.3d 726, 727 (9th Cir. 1998)).

3

induce Bernier's late filing, the district court did not err by concluding that the doctrine of equitable estoppel was not applicable to Travelers.[2]

*B. Other Issues on Appeal*

1. The district court did not err in denying Bernier's motion to remand the case to state court.[3] Specifically, the district court did not abuse its discretion by refusing to join Mr. Freedman (Bernier's prior attorney) to the present action.[4] Bernier does not challenge the district court's conclusions that (1) Mr. Freedman was not a necessary party to the case, and (2) joinder would involve the addition of claims only tenuously related to the present action. Further, the district court did

---

[2]Bernier also asserted in her complaint a contractual confidentiality claim. However, Bernier does not argue, at any point in her briefing, that the district court erred by granting summary judgment to Travelers on the claim. Therefore, because she has failed to assert error, Bernier has waived her appeal regarding the confidentiality claim. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.10 (9th Cir. 1999).

[3]In accordance with our policy to construe *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Travelers' motion to strike portions of Bernier's reply brief dealing with Bernier's motion to remand, filed with this court on July 26, 2013, is DENIED.

[4]A district court's "[d]enial of a motion to remand a case to state court for lack of removal jurisdiction is reviewed by this Court de novo." *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). However, "[a] district court's joinder decision is generally reviewed under an abuse of discretion standard," with legal conclusions underlying that decision being reviewed de novo. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

not abuse its discretion by concluding that "Bernier's motion appears designed solely to destroy federal jurisdiction," and "her delay in requesting joinder is substantial and unexcused." These conclusions were not "illogical, implausible[,] or without support in the record." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). Therefore, the district court did not abuse its discretion by refusing to allow the joinder of a non-diverse party and did not err by denying Bernier's motion to remand.

2. Bernier did not file written objections to either of the magistrate judge's discovery orders that she attempts to challenge on appeal. Accordingly, Bernier has waived appellate review of those orders. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."); Fed. R. Civ. P. 72(a).

3. The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 779 (9th Cir. 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Bernier presents a

5

concrete challenge to Travelers' denial of her malicious mischief and vandalism claim, made in the context of an actual controversy between the parties. Therefore, Bernier's ripeness argument fails.

**AFFIRMED.**[5]

---

[5]Bernier's request for judicial notice, filed with this court on August 9, 2013, is DENIED.