**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE LOW, a single woman, | No.   15-35334 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00226-TOR |
| v. | |
| PATRICK R. DONAHOE, Postmaster General of the United States, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief  District Judge, Presiding

Submitted May 8, 2017[**]
Seattle, Washington

Before:  BEA and N.R. SMITH, Circuit Judges, and HAYES,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

Catherine Low appeals from the district court order granting summary judgment in favor of Patrick R. Donahoe, Postmaster General of the United States (the "Postal Service"). After slipping on ice outside a post office location, Low notified the Postal Service of her alleged injuries but failed to present a valid claim to the Postal Service until well beyond the two-year limitations period provided in the Federal Tort Claims Act. 28 U.S.C. § 2401(b). Low asserted that a letter from the Postal Service informing her that her submitted claim was invalid provided grounds for equitable adjustment of the statute of limitations. The letter included the statement, "If your client is still treating for injury please wait until treatment has concluded to file this claim." On appeal, Low contends that the district court erred in determining that she was not entitled to equitable tolling or equitable estoppel. Low further contends that summary judgment was improper because a factual issue may exist as to the Postal Service's intent to induce Low to miss the statute of limitations.

We have jurisdiction under 28 U.S.C. § 1291 and review an order granting summary judgment de novo. *Hoefler v. Babbitt*, 139 F.3d 726, 727 (9th Cir. 1998). Because the facts are undisputed, we review the district court's decision regarding equitable tolling de novo. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th

Cir. 2008).  We review the district court's decision regarding equitable estoppel for an abuse of discretion.  *Hoefler*, 139 F.3d at 727.

Low failed to establish "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way.'" *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)) *aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).  The Postal Service repeatedly notified Low of the statute of limitations and did not give any "affirmatively misleading . . . advice about the statute of limitations." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).  The district court properly concluded that Low was not entitled to equitable tolling of the limitations period.

"[A] party asserting equitable estoppel against the government must . . . establish that (1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of estoppel." *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011) (citing *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985)).  The district court properly determined that the Postal Service's conduct did not constitute affirmative misconduct going beyond mere negligence and did not cause a serious injustice.

Even if Low were misled by the letter to wait until her treatment was completed before filing a claim, she had an angioplasty operation in October 2012. The record reflects that this was her last major treatment. She had nearly three months after that surgery to file her claim, so any misleading statement by the Postal Service was not material.

Low concedes that she did not raise a disputed issue of fact regarding any intent to deceive by the Postal Service before the district court. The record reflects that Low was afforded a reasonable opportunity to raise any disputed issues of fact. Low "cannot raise new issues on appeal to secure a reversal of the lower court's summary judgment determination." *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 825 (9th Cir. 2000).

**AFFIRMED**.