NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS MEDEIROS,

                    Plaintiff-Appellant,

  v.

CITY OF PALO ALTO,

                    Defendant-Appellee.

No.    19-16423

D.C. No. 5:17-cv-05913-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Thomas Medeiros appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a malicious prosecution claim. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the

basis of the applicable statute of limitations and under Federal Rule of Civil

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Medeiros's action as time-barred because Medeiros failed to file his action within the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (courts apply the forum state's statute of limitations for personal injury actions, and the forum state's law regarding tolling, except to the extent inconsistent with federal law).

The district court did not err by concluding that equitable estoppel does not apply to Medeiros's action. *See Hoefler v. Babbitt*, 139 F.3d 726, 727 (9th Cir. 1998) (standard of review); *Alameda County Deputy Sheriff's Ass'n v. Alameda County Emps' Ret. Ass'n*, 470 P.3d 85, 106 (Cal. 2020) (requirements for applying equitable estoppel to a governmental entity); *Lantzy v. Centex Homes*, 73 P.3d 517, 533 (Cal. 2003) (application of equitable estoppel requires that plaintiff proceed diligently once the truth is discovered).

We reject as without merit Medeiros's contention that the district court violated his due process right or otherwise erred by considering Medeiros's diligence in filing his action.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**