**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT RADCLIFFE; CHESTER
CARTER; MARIA FALCON; CLIFTON
C. SEALE, III; ARNOLD LOVELL, JR.,
  *Plaintiffs-Appellants*,

v.

JOSE HERNANDEZ; ROBERT
RANDALL; BERTRAM ROBISON;
KATHRYN PIKE,
  *Plaintiffs-Appellees*,

v.

EXPERIAN INFORMATION SOLUTIONS
INC.; EQUIFAX INFORMATION
SERVICES LLC; TRANSUNION, LLC,
  *Defendants-Appellees*.

No. 14-56101

D.C. No.
8:05-cv-01070-
DOC-MLG

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
November 5, 2015—Pasadena, California

Filed March 28, 2016

Before: Mary M. Schroeder and Jay S. Bybee, Circuit
Judges and Jon S. Tigar,[*] District Judge.

Opinion by Judge Tigar

## SUMMARY[**]

### Counsel / Class Actions

The panel affirmed the district court's order denying a
motion to disqualify counsel from representing a plaintiffs'
class in a consumer class action.

The court of appeals previously held that certain named
plaintiffs and their counsel (appellees) created a conflict of
interest by conditioning incentive awards for the class
representatives on their approval of a proposed settlement
agreement.  On remand, other named plaintiffs and their
counsel (appellants) moved the district court to disqualify
appellees' counsel from representing the class based on that
conflict.

Affirming the denial of the disqualification motion, the
panel agreed with the district court that California does not
apply a rule of automatic disqualification for conflicts of
simultaneous representation in a class action context.  The

---

[*] The Honorable Jon S. Tigar, District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

panel held that the district court did not abuse its discretion in determining that appellees' counsel would adequately represent the class.

**COUNSEL**

George F. Carpinello (argued) and Adam R. Shaw, Boies, Schiller & Flexner LLP, Albany, New York; Daniel Wolf, Law Offices of Daniel Wolf, Washington D.C.; Charles W. Juntikka, Charles Juntikka & Associates LLP, New York, New York, for Plaintiffs-Appellants.

F. Paul Bland, Jr. (argued), Public Justice, P.C., Washington, D.C.; James A. Francis and David A. Searles, Francis & Mailman, Philadelphia, Pennsylvania; Michael W. Sobol, Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, California; Michael A. Caddell and Cynthia B. Chapman, Caddell & Chapman, Houston, Texas; Arthur H. Bryant, Public Justice, P.C., Oakland, California; Stuart T. Rossman and Charles M. Delbaum, National Consumer Law Center, Boston, Massachusetts; Leonard A. Bennet and Matthew Erausquin, Consumer Litigation Associates, P.C., Newport News, Virginia; Lee A. Sherman, Callahan, Thompson, Sherman & Caudill, Irvine, California, for Plaintiffs-Appellees Jose Hernandez, Robert Randall, Bertram Robison, and Kathryn Pike.

Daniel John McLoon, Jones Day, Los Angeles, California, for Defendant-Appellee Experian Information Solutions, Inc.

Stephen J. Newman, Stroock, Stroock & Lavan LLP, Los Angeles, California, for Defendant-Appellee Transunion, LLC.

**OPINION**

TIGAR, District Judge:

For the second time in this case, we are asked to resolve questions regarding conflicts of interest and the adequacy of counsel in class actions. Appellants and appellees are two teams of named plaintiffs and their respective lawyers who disagree over the proper direction for a consumer class action settlement. In *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013) ("*Radcliffe I*"), we held that appellees created a conflict of interest by conditioning incentive awards for the class representatives on their approval of the proposed settlement agreement. On remand, appellants moved the district court to disqualify appellees' counsel from representing the class based on that conflict. They contended that under California law, attorneys with simultaneous conflicts of interest in a case must be automatically disqualified. The district court rejected this argument and denied the motion.

We agree with the district court that California does not apply a rule of automatic disqualification for conflicts of simultaneous representation in the class action context, and conclude that the district court did not abuse its discretion in determining that appellees' counsel will adequately represent the class. We affirm.

**I.**

We previously described the underlying facts in our earlier opinion in this case. *Radcliffe I*, 715 F.3d at 1161–62. The case is a consolidation of multiple class actions initiated in 2005 and 2006 alleging that the Defendants in the case,

Experian Information Systems, Inc., TransUnion LLC, and Equifax Information Services LLC ("Defendants"), violated the Fair Credit Reporting Act (FRCA) and corresponding California state law by misreporting debts discharged in bankruptcy on consumer credit reports. *Id.* at 1161. Appellants are a group of plaintiffs who became lead plaintiffs in one case known as the *White* lawsuit: Maria Falcon, Chester Carter, Arnold Lovell, Jr., Clifton C. Seale, III, and Robert Radcliffe ("White Plaintiffs"). They are represented by Charles Juntikka, Daniel Wolf, and the law firm of Boies, Schiller, and Flexner. ("White Counsel"). Appellees are a group of plaintiffs from a different case, the *Hernandez* lawsuit: Jose Hernandez, Kathryn Pike, Robert Randall, and Bertram Robison ("Hernandez Plaintiffs"). They are represented by the firms of Lieff, Cabraser, Heimann, & Bernstein ("Lieff Cabraser"); Caddell & Chapman; and Francis & Mailman ("Hernandez Counsel").[1] After the cases were consolidated, the district court appointed Hernandez Counsel as lead counsel.

Following mediation, the parties reached a settlement agreement for injunctive relief, which was approved in August 2008 and was not disputed by any party. *Radcliffe I*, 715 F.3d at 1162. In February of 2009, the parties then reached a monetary settlement for a total amount of $45 million. *Id.* The settlement included incentive awards for each named plaintiff not to exceed $5,000, which were awardable to any "Named Plaintiff[] serving as class

---

[1] Though this factual discussion will refer to the White Counsel and Hernandez Counsel teams generally in summarizing the settlement negotiations, the firms of Boies Schiller and Francis & Mailman did not join their respective legal teams until partway through the litigation.

representatives" who was "in support of the Settlement." *Id.*
The agreement was preliminarily approved in May 2009. *Id.*

The district court held a series of fairness hearings on the
monetary settlement. White Plaintiffs and White Counsel
objected to it, in part due to the discrepancy between the
settlement and the potential recoverable damages. *See id.* at
1162, 1167 n.4. They also argued that conditioning the
incentive awards on named plaintiffs' agreement with the
settlement created a conflict of interest between the class
representatives and the absent class. *Id.* at 1162.

In *Radcliffe I*, we agreed with White Plaintiffs that the
conditional incentive award created a conflict of interest. We
noted that incentive awards for serving as class
representatives are often appropriate, but cautioned that they
should be scrutinized carefully, because "if 'such members of
the class are provided with special incentives in the
settlement agreement, they may be more concerned with
maximizing those incentives than with judging the adequacy
of the settlement as it applies to the class members at large.'"
*Radcliffe I*, 715 F.3d at 1163 (quoting *Staton v. Boeing Co.*,
327 F.3d 938, 977 (9th Cir. 2003)). We then held that, in this
case, conditioning the incentive awards for the named
plaintiffs on their support of the settlement "changed the
motivations for the class representatives." *Id.* at 1165.
"Instead of being solely concerned about the adequacy of the
settlement for the absent class members, the class
representatives now had a $5,000 incentive to support the
settlement regardless of its fairness and a promise of no
reward if they opposed the settlement." *Id.* Moreover, "[a]s
soon as the conditional-incentive awards provision divorced
the interests of the class representatives from those of the

absent class members, class counsel was simultaneously representing clients with conflicting interests." *Id.* at 1167.

Accordingly, we reversed the settlement as well as awards of attorneys' fees and costs. *Id.* at 1167–68. On remand, we instructed the district court to "determine when the conflict arose and if the conflict continues under any future settlement agreement. Should the district court approve such an agreement, it may then exercise its discretion in deciding whether, and to what extent, class counsel are entitled to fees under the common-fund doctrine." *Id.*

On remand, White Counsel filed a motion to disqualify Hernandez Counsel and to serve as interim class counsel on June 19, 2013. They argued that disqualification was mandatory under California law because any counsel's simultaneous conflict of interest in its representation of multiple clients must result in automatic disqualification. Hernandez Counsel opposed the motion and filed a cross-motion to be re-appointed as interim class counsel. On May 1, 2014, the district court denied White Counsel's motion and granted Hernandez Counsel's motion. This appeal by White Counsel followed.

## II.

In its May 1 order, the district court opined that its order denying the motion to disqualify Hernandez Counsel involved "controlling questions of law about which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of this litigation," pursuant to 28 U.S.C. § 1292(b). We then granted permission to appeal the district court's order on July 9, 2014, and therefore have jurisdiction over the case.

This Court reviews motions for disqualification of an attorney for abuse of discretion. *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983). "Since the district court has primary responsibility for controlling the conduct of attorneys practicing before it, an order disqualifying counsel will not be disturbed if the record reveals any sound basis for the court's action," and reversal is warranted only if the district court "either misperceives the relevant rule of law or abuses its discretion." *Id.* (citation omitted).

### III.

In this appeal, as they did in the district court, White Counsel contend that under California law, any conflict of interest in the representation of a class mandates automatic disqualification.   Generally, California requires *per se* disqualification when an attorney has been shown to possess a simultaneous conflict of interest in her representation of multiple clients, regardless of that attorney's motives or the actual impact of the conflict.  The central question is whether this remains true in class actions.  For the reasons set forth below, we conclude that California law does not require automatic disqualification in class action cases, and affirm.

### A.

The main question to be resolved in this appeal results from three other points.   First, California law governs questions of conflicts of interest and disqualification.  As we noted in *Radcliffe I*, the Ninth Circuit refers to the local rules of each district when deciding which standards govern an ethical violation, and the Central District of California's local

rules instruct courts to look to California law and California's Rules of Professional Conduct. *Radcliffe I*, 715 F.3d at 1167.

Second, the parties agree on the existence of a rule in California case law that a concurrent or simultaneous conflict of interest under California Rule of Professional Conduct 3-310(C) generally leads to automatic disqualification. In *Flatt v. Superior Court*, 9 Cal. 4th 275 (1994), the California Supreme Court distinguished between two different types of conflicts of interest that may arise. "Where the potential conflict is one that arises from the *successive* representation of clients with potentially adverse interests, the courts have recognized that the chief fiduciary value jeopardized is that of client *confidentiality*." *Flatt*, 9 Cal 4th at 283. "Thus, where a former client seeks to have a previous attorney disqualified from serving as counsel to a successive client in litigation adverse to the interests of the first client, the governing test requires that the client demonstrate a '*substantial relationship*' between the subjects of the antecedent and current representations." *Id.*

"Both the interest implicated and the governing test are different, however, where an attorney's potentially conflicting representations are *simultaneous*." *Id.* at 284. Such situations, with "perhaps the classic case involving an attorney's interests in conflict with those of the client," do not primarily implicate the duty of confidentiality but rather "the attorney's duty—and the client's legitimate expectation—of *loyalty*." *Id.* at 284. "And because the substantial relationship test is founded on the need to protect against the improper use of client *secrets*," that test "does not set a sufficiently high standard." *Id.* (citation omitted).

Instead, *Flatt* held that the appropriate response to a simultaneous conflict of interest is generally automatic disqualification: "[I]n all but a few instances, the rule of disqualification in simultaneous representation is a *per se* or 'automatic' one." The California Supreme Court has continued to adhere to this formulation. *See People ex rel. Dep't of Corps v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1147 (1999) ("[I]f an attorney—or more likely a law firm—simultaneously represents clients who have conflicting interests, a more stringent per se rule of disqualification applies." (citing to *Flatt*, 9 Cal 4th at 284)); *In re Charlisse C.*, 45 Cal. 4th 145, 160 (2008) ("[W]ith few exceptions, disqualification [in a case of simultaneous representation] follows automatically, regardless of whether the simultaneous representations have anything in common or present any risk that confidences obtained in one matter would be used in the other." (quoting *SpeeDee*, 20 Cal. 4th at 1147)).

Third and finally, the parties in this case agree – as they must, based on our holding in *Radcliffe I* – that the conditional incentive award created a simultaneous conflict of interest for Hernandez Counsel between the named plaintiffs they represent and the rest of the class. Thus, the operative question, as noted above, is whether the automatic disqualification rule described in *Flatt* and its progeny required the district court to grant White Counsel's motion to disqualify Hernandez Counsel.

Hernandez Counsel argued below that the automatic disqualification rule should not apply in class action cases. The district court agreed, concluding that there are "compelling reasons to interpret California's disqualification rule flexibly in light of California case law," for two reasons. "First and foremost, this conflict was brief and caused by a

specific provision in a now-defunct settlement." "[T]he class representatives did not have inherently opposing interests from absent class plaintiffs," but rather "the conflict was manufactured by the faulty settlement terms." "Second," the district court held that "even if California case law on conflicts in class actions does not wholly abandon the automatic disqualification rule, the analysis shows a willingness to use the disqualification rule flexibly."

White Counsel now offer several arguments as to why the district court's decision was an abuse of discretion. Their primary contention is that the district court erred in holding that the automatic disqualification rule does not apply to class actions.

**B.**

"Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue." *In re Cty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) (citation omitted). If the state supreme court has not spoken on the issue, we look to intermediate appellate courts for guidance, although we are not bound by them if we believe that the state supreme court would decide otherwise. *In re KF Diaries, Inc. & Affiliates*, 224 F.3d 922, 924 (9th Cir. 2000).

Though California regularly applies *Flatt's* automatic disqualification rule to lawsuits involving individual clients, neither the parties nor the district court have found any case in the California Supreme Court, or in any of the California Courts of Appeal, that apply the rule to class actions. We, too, have been unable to find any such case.

On the other hand, there is also no case that explicitly rejects the application of the automatic disqualification rule to class actions.  As the district court notes, however, two intermediate appellate courts have directly adjudicated questions of counsel's disqualification in a class action due to a simultaneous conflict of interest without mentioning the automatic disqualification rule.

In *Cal Pak Delivery, Inc. v. United States Parcel Service, Inc.*, 52 Cal. App. 4th 1, 12–13 (1997), the appellate court affirmed the disqualification of a class counsel who had contacted the defendant and offered to dismiss the claim in exchange for a payment of eight to ten million dollars directly to counsel.  Rather than apply an automatic disqualification rule, the trial court had used the "balancing of interests" test that California courts generally otherwise use for disqualification motions.  *Id.* at 10.  Similarly, the appellate court affirmed by focusing exclusively on whether the trial court erred in its application of the balancing of interests test. *Id.*

In *Apple Computer, Inc. v. Superior Court*, 126 Cal App. 4th 1253, 1265 (2005), the appellate court reversed the denial of a motion to disqualify counsel for attempting to both represent the class and serve as its named representative. That case, much like this one, involved the concern that class counsel might seek to obtain a settlement that would benefit themselves but not the rest of the class.  *Id.* at 1273.  On the strength of that concern, the appellate court concluded that counsel had "placed themselves in a position of divided loyalties," and that doing so was grounds for disqualification.

*Id.* (emphasis omitted).  As in *Cal Pak*, the *Apple Computer* court made no mention of the automatic disqualification rule.**[2]**

Lacking any case authority that is directly on point, White Counsel fall back on the hortatory language of automatic disqualification cases such as *Flatt* and *SpeeDee*.  In essence, appellants' position is that because those decisions describe the automatic disqualification rule in *per se* terms, and make no mention of excluding class actions, the rule must therefore apply to class actions.

This position is not implausible, but neither is it persuasive.  For one thing, *Cal Pak* and *Apple Computer* suggest that California courts have not assumed that the automatic disqualification rule applies in class action cases. White Counsel argue that these two cases involve conflicts of interest created by "ethical breaches" committed by the attorneys rather than simultaneous representation of clients, and that this explains why the automatic disqualification rule was never discussed.  But the California Supreme Court in

---

**[2]** In addition to these two decisions, the district court also referenced three other cases: *Kullar v. Foot Locker Retail, Inc.*, 191 Cal. App. 4th 1201, 1207 (2011); *Sharp v. Next Entertainment, Inc.*, 163 Cal. App. 4th 410, 434 (2008); *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App. 4th 719, 735 (2003).  These cases are not directly on point, as they concern the determination of when a conflict arises in the class action context rather than how a court should treat a conflict of interest for disqualification purposes.  Nevertheless, the language of these decisions also suggests that their authors did not believe an automatic disqualification rule would apply.  *See, e.g.*, *Koo*, 109 Cal. App. 4th at 735 ("It is worth repeating that 'the traditional rules that have been developed in the course of attorneys' representation of the interests of clients outside of the class action context should not be mechanically applied to the problems that arise in . . . class action litigation.'") (quoting *In re "Agent Orange" Product Liability Litig.*, 800 F.2d 14, 19 (2d. Cir. 1986)).

*Flatt* defined the "classic case" of a simultaneous conflict of interest as "involving an attorney's interests in conflict with those of the client," *Flatt*, 9 Cal 4th at 284, a description that could certainly be applied to the situations in both of these cases. In the absence of California Supreme Court precedent on the issue, we look to the intermediate state courts for guidance, and *Cal Pak* and *Apple Computer* both indicate that automatic disqualification is not required in class actions.

Moreover, the policy justifications that the California Supreme Court advanced for the automatic disqualification rule are not fully transferrable to class action cases. Indeed, the language of their opinions makes clear that they envisioned simultaneous conflicts of interest as they generally occurred in individual litigant suits rather than in class actions. In *Flatt*, the California Supreme Court explained the reasoning behind the automatic disqualification rule as follows:

> The reason for such a rule is evident, even (or perhaps especially) to the nonattorney. A client who learns that his or her lawyer is also representing a litigation adversary, even with respect to a matter *wholly unrelated* to the one for which counsel was retained, cannot long be expected to sustain the level of confidence and trust in counsel that is one of the foundations of the professional relationship.

*Flatt*, 9 Cal 4th at 285 (emphasis in original). Similarly, the court in *SpeeDee* stated that "[t]he most egregious conflict of interest is representation of clients whose interests are directly adverse in the same litigation." *SpeeDee*, 20 Cal. 4th at 1147.

Neither of these pronouncements fits the circumstances of the lawyer who represents a class of plaintiffs whose interests may in some ways be adverse to each other, but all of whose interests are adverse to the defendant.  In a class action, conflicts often arise not because an attorney simultaneously represents litigation *adversaries* but because they simultaneously represent different members of the *same* class who develop divergent interests regarding how to prevail on their shared claims.  Thus, in *Radcliffe I*, we explained that the conditional incentive award was improper because it "undermined [the named plaintiffs'] ability to 'fairly and adequately protect the interests of the class."  *Radcliffe I*, 715 F.3d at 1165 (quoting Fed. R. Civ. Pro. 23(a)(4)).  "This requirement is rooted in due-process concerns—'absent class members must be afforded adequate representation before entry of a judgment which binds them.'"  *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  These concerns with adequate representation and due process for absent party members are simply not present in individual plaintiff suits.  And because the California Supreme Court has never discussed the automatic disqualification rule in the context of class actions, it also has never been required to confront the ethical issues and conflicts of interest that are unique to class action cases.  Given this vacuum, we are not willing to assume that California courts would apply the same disqualification rules to a class action case as they do in individual plaintiff cases.

Nor would such a conclusion comport with federal law regarding the requirements for adequate class counsel under Federal Rule of Civil Procedure 23.  *See, e.g.*, *Rodriguez v. West Publishing Corp.* (*"Rodriguez I"*), 563 F.3d 948, 961 (9th Cir. 2009) (concluding that "the adequacy requirement for class counsel is satisfied" under Rule 23 despite "the

presence of conflicted representatives."). For these reasons, we conclude that an automatic disqualification rule does not apply.

## C.

This conclusion is also consistent with our own case law and the broader policy issues at play in class representation. Indeed, although we did not address or consider the issue of disqualification in our first decision in this case, it is clear we did not believe the district court would be required to disqualify Hernandez Counsel as a result of our holding. In *Radcliffe I*, we instructed the district court on remand to "determine when the conflict arose and *if the conflict continues under any future settlement agreement*. Should the district court approve such an agreement, it may exercise its discretion in deciding whether, and to what extent, class counsel are entitled to fees under the common-fund doctrine." *Radcliffe I*, 715 F.3d at 1168 (emphasis added). Had we believed that Hernandez Counsel were automatically disqualified following their creation of a conflict of interest in the prior settlement agreement, it is unclear how the district court would have had discretion to decide whether and to what extent they were entitled to fees.

Further support for this conclusion can be found in our decisions in the *Rodriguez* cases: *Rodriguez I*, 563 F.3d 948, and *Rodriguez v. Disner* (*"Rodriguez II"*), 688 F.3d 645 (9th Cir. 2012). Though these cases were concerned with awards of attorney's fees rather than disqualification, the analysis is similar and we cited extensively to both cases in our first *Radcliffe* decision. In *Rodriguez I*, we held that the retainer agreement for the attorneys for five named plaintiffs in a class action created an improper conflict of interest between

the named plaintiffs and the class because it required the attorneys to seek incentive awards for each of the named plaintiffs after settlement. *Rodriguez I*, 563 F.3d at 957. On remand, the district court denied attorney's fees to those class counsel "for the period this conflict was in effect," but awarded fees for their services "after the court's rejection of the incentive awards." *Rodriguez II*, 688 F.3d at 652. On appeal, we agreed with this reasoning, holding that the latter award was proper because the "rejection of the incentive awards cured any conflict of interest." *Id.* at 660 n.12.

Similarly, in this case the district court could reasonably conclude that the conflict of interest was appropriately cured when we rejected the settlement agreement that contained the improper conditional incentive award. This conflict was not inherent to the relationship between Hernandez Counsel and the rest of the class but rather, as in *Rodriguez*, resulted from a particular provision in an agreement that was later held invalid.

Finally, we note that numerous other circuit courts have declined to apply the same disqualification rules to class actions as to non-class actions specifically because of the different concerns at issue for attorney representation in class action lawsuits. In *In re "Agent Orange" Product Liability Litigation*, 800 F.2d 14, 18 (2d. Cir. 1986), the Second Circuit held that "although automatic disqualification might promote the salutary ends of confidentiality and loyalty" in traditional cases, "it would have a serious adverse effect on class actions." It noted that class actions are often "the only practical means" for plaintiffs with small individual claims to protect their rights, and that "often only the attorneys who have represented the class, rather than any of the class members themselves, have substantial familiarity with the

prior proceedings." *Id.* at 18–19. In turn, "the prospect of having those most familiar [with the case] be automatically disqualified whenever class members have conflicting interests would substantially diminish the efficacy of class actions as a method of dispute resolution." *Id.* at 19. The Second Circuit concluded that "the traditional rules that have been developed in the course of attorneys' representation of the interests of clients outside of the class action context should not be mechanically applied to the problems that arise in the settlement of class action litigation." *Id.*

In *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 589 (3d Cir. 1999), the Third Circuit also rejected the notion that a conflict of interest should automatically disqualify class counsel even though such a result would be required in a non-class action. It noted that "[i]n many class actions, one or more class representatives will object to a settlement and become adverse parties" to the rest of the class. *Id.* "If, by applying the usual rules on attorney-client relations, class counsel could easily be disqualified in these cases, not only would the objectors enjoy great 'leverage,' but many fair and reasonable settlements would be undermined by the need to find substitute counsel after months or even years of fruitful settlement negotiations." *Id.*

This analysis is compelling, and further supports our conclusion that the California Supreme Court would not require automatic disqualification in class actions. White Counsel argue that, rather than lowering the bar for disqualification in class actions, the standard should be heightened due to the "unique due process concerns for absent class members." Unquestionably, the due process rights of absent class members are important and, as we have frequently observed, the district judges who preside over

class actions must ensure that those interests are fairly protected. *See, e.g.*, *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015). But that premise does not support the adoption of *per se* disqualification rules that were developed outside the class action context. On the contrary, district courts should have discretion to deal with the unique complexities and ethical concerns involved in class action lawsuits. *See Rodriguez II*, 688 F.3d at 655 ("[C]onflicts of interest among class members are not uncommon and arise for many different reasons, and a court may tolerate certain technical conflicts in order to permit attorneys who are familiar with the litigation to continue to represent the class." (citation omitted)). Unlike an automatic disqualification rule, a pragmatic approach comports most closely with Rule 23's mandate that courts protect the best interests of absent class members.

**D.**

In sum, we agree with the district court that California law does not require automatic disqualification for simultaneous conflicts of interest in class actions. Accordingly, the district court did not abuse its discretion in declining to apply the automatic disqualification rule in this case.

After reaching that conclusion, the district court next considered the "balancing of interests" test, which California courts use generally to decide whether, in their discretion, disqualification is appropriate:

> The court must weigh the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the

> financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

*William H. Raley Co. v. Superior Court*, 149 Cal. App. 3d 1042, 1048 (1983). White Counsel do not substantively challenge the district court's application of the balancing of interests test. In any event, there was no error in the district court's analysis. The court concluded that the burden of replacing Hernandez Counsel's greater expertise and experience outweighed any concerns of fairness or loyalty, which was a decision well within its discretion.

## IV.

White Counsel's remaining arguments arise under Federal Rule of Civil Procedure 23(g). They argue that the district court abused its discretion in holding that Hernandez Counsel remained adequate class representatives, and that White Counsel were not "best able" to represent the interests of the class. We conclude that neither decision was in error.

## A.

Federal Rule of Civil Procedure 23(g)(2) states that: "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint

the applicant best able to represent the interests of the class." Rule 23(g)(1) requires the court to consider:

> **(i)** the work counsel has done in identifying or investigating potential claims in the action;
>
> **(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> **(iii)** counsel's knowledge of the applicable law; and
>
> **(iv)** the resources that counsel will commit to representing the class

Fed. R. Civ. P. 23. In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(4) states that the duty of class counsel is to fairly and adequately represent the interests of the class.

Under the four factors listed in Rule 23(g)(1), the district court held that both Hernandez Counsel and White Counsel were adequate to represent the class. It acknowledged that the prior conflict of interest was a relevant and significant concern, but concluded it did not render Hernandez Counsel inadequate because it was temporary and had been cured. Finally, under Rule 23(g)(2), the court concluded that Hernandez Counsel remained "best able" to represent the class as class counsel based on its greater experience in handling class actions and FRCA litigation and its greater knowledge of the applicable law.

**B.**

White Counsel first challenge the district court's conclusion that Hernandez Counsel are adequate. They do not dispute the district court's treatment of the four required factors under Rule 23(g)(1). Instead, their challenge is based entirely on the district court's treatment of the conflict of interest created by Hernandez Counsel. To a large extent, their argument is identical to the one they make under California law – namely, that a conflict of interest should require an automatic determination of inadequacy based on the "breach of loyalty." We reject this contention here for the same reasons we rejected a *per se* disqualification rule in the previous section.

They also argue that the conflict of interest renders Hernandez Counsel inadequate because Hernandez Counsel are now potentially civilly liable for the misconduct of including the conditional incentive award. In turn, they argue, Hernandez Counsel's interests diverge from the class because they may now seek a quicker settlement or pursue different monetary relief in order to minimize their own liability. We agree with the district court that neither precedent nor policy supports the proposition that potential civil liability renders attorneys inadequate to represent a class. Nor could it, because the simple fact is that the possibility of suit by an unhappy client inheres in *any* lawsuit, class action or otherwise, and White Counsel proposes no method by which to determine when that prospect becomes relevant under Rule 23. There also will always be a concern in class actions that counsel might accept a quick settlement, and the fees that come with it, over a more favorable result for the class. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The solution is not to prescribe an inflexible,

brightline rule but to give district courts discretion to manage these issues in each case.

Finally, White Counsel argue that even if Hernandez Counsel are adequate, the district court abused its discretion in finding that White Counsel are not "best able" to represent the class. They contend that the district court's decision was based exclusively on its belief, shared by Hernandez Counsel, that White Counsel had an unrealistic valuation of the available damages for the class. In fact, the district court carefully analyzed each factor under Rule 23(g)(1) in reaching its decision. It held that the first and fourth factors did not weigh in favor of either party, because both legal teams had done extensive work for the class and both teams possessed wide resources among the many firms comprising each of them. It based its decision instead on the second and third factors, finding that Hernandez Counsel – the "FCRA-dedicated lawyers from Francis & Mailman" and the "class-action focused attorneys from Lieff Cabraser and Caddell & Chapman" – possessed greater experience and knowledge relevant to this case.

As for the conflict of interest, the district court again found it was relevant but concluded it did not outweigh its other concerns. It noted that Hernandez Counsel had "taken extraordinary steps to neutralize the effect of the ethical violation, including associating new counsel, disclaiming any fees for the conflicted representation, and agreeing to accept the costs of re-notice." Lastly, White Counsel are correct that the district court concluded that White Counsel had placed an unreasonably high valuation on the case, and factored that concern into its decision not to appoint White Counsel as lead counsel. But this was not an abuse of discretion. District courts are properly given discretion to decide matters of class

representation and class action administration both because they are responsible for protecting absent class members' due process interests, and because they are far more familiar with the case, the class, and the attorneys who may be vying for control of the litigation. Here, the district court properly held that Hernandez Counsel remained adequate and best able to represent the consumer class.

## V.

We previously found that Hernandez Counsel created a significant conflict of interest between themselves, their clients, and the rest of the class, and nothing in the present order diminishes or qualifies that holding. We are not convinced, however, that the conflict we found requires automatic disqualification of class counsel. We believe that, given the unique ethical and due process concerns involved in class actions, district courts must have the discretion to address attorney representation and disqualification issues based on the details of each case, and we further believe the California Supreme Court would agree. Accordingly, we hold that the district court did not abuse its discretion in denying White Counsel's motion to disqualify Hernandez Counsel and to be appointed as class counsel, and granting Hernandez Counsel's cross-motion to be appointed as class counsel.

**AFFIRMED**.