**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CAPITAL OPTIONS, LLC, | No. 16-60054 |
| Debtor, | BAP No. 15-1167 |
| _____ | |
| CAPITAL OPTIONS, LLC, | MEMORANDUM* |
| Appellant, | |
| v. | |
| GEORGE H. GOLDSMITH and G2, LLC, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Jaime, Bankruptcy Judges, Presiding

Argued and Submitted October 17, 2017
San Francisco, California

Before: WALLACE, CALLAHAN, and NGUYEN, Circuit Judges.

In this appeal, Capital Options, LLC ("Capital") challenges the Bankruptcy

Court's dismissal of its claims against George H. Goldsmith and G2, LLC (G2) as

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

untimely under the applicable California two-year statute of limitations. We have jurisdiction under 28 U.S.C. § 158(d)(1), and affirm.[1]

Grants of Federal Rule of Civil Procedure 12(b)(6) motions to dismiss are reviewed de novo. *See, e.g.*, *Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir. 1995); *see also In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("A motion to dismiss in an adversary bankruptcy proceeding is governed by Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)-(i)"). "Whether a claim is barred by the statute of limitations is . . . reviewed de novo[,]" but "the question of when a claim accrues is a fact intensive inquiry, and we have held that a district court's factual finding concerning when a claim accrues is entitled to deferential review." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (citations omitted). Rejections of equitable estoppel arguments are reviewed under the abuse of discretion standard. *See Hoefler v. Babbitt*, 139 F.3d 726, 727 (9th Cir. 1998). Denials of motions for reconsideration are reviewed under the abuse of discretion standard. *See, e.g.*, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Denials

---

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

of motions for disqualification of an attorney are reviewed under the abuse of discretion standard. *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016).

**1.** Capital argues that attorney Warren Stapleton cannot represent both Goldsmith and G2 at the same time because Goldsmith is alleged to have wrongfully diverted money from G2, thus, according to Capital, representation of the two creates an irreconcilable conflict under Arizona's Rules of Professional Conduct. Under Arizona law, the party seeking disqualification has the burden of showing that the opposing counsel should be disqualified and "[o]nly in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent." *Alexander v. Superior Court*, 685 P.2d 1309, 1313 (Ariz. 1984).

The Bankruptcy Court did not abuse its discretion in denying Capital's motion for disqualification. It has not been established that Capital has an interest in G2 for the reasons discussed below. Moreover, it appears that the real dispute is between Capital and Goldsmith, and that Goldsmith and G2 are essentially one. Thus, Capital has not shown that Stapleton is conflicted or that if he were conflicted, this would affect any of Capital's rights.

**2.** Under California law, a two-year statute of limitations (SOL) applies to alleged breaches of oral contracts, Cal. Civ. Proc. Code § 339, and a four-year SOL

3

applies to alleged breaches of written contracts, Cal. Civ. Proc. Code § 337.  When Goldsmith and G2 moved to dismiss this action as barred by the two-year SOL, Capital did not contest the application of the two-year SOL until it filed a motion for reconsideration from the Bankruptcy Court's dismissal order.  This was "too little, too late."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Moreover, Capital's motion for reconsideration did not present new evidence, but argued that it had implicitly raised the application of the four-year SOL in the materials that were before the Bankruptcy Court when it decided the motion to dismiss.  Capital has failed to show that the Bankruptcy Court abused its discretion in denying its motion for reconsideration.

**3.**  Capital offers four arguments for tolling the SOL: (a) California Code of Civil Procedure section 351; (b) Goldsmith fraudulently concealed G2's financial information; (c) equitable estoppel; and (d) 11 U.S.C. § 108.  None of these arguments is persuasive.

4

a.  Capital argues that because Goldsmith moved from California to Montana, § 351 tolls the SOL unless and until he returns to California.[2]  However, because allowing § 351 to toll the SOL in this case would likely violate the Commerce Clause, Capital has not shown that the Bankruptcy Court's decision was an abuse of discretion.  *See Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990).  We are not persuaded by Capital's argument that *Abramson* and its progeny are distinguishable because they involved interstate commerce.  Capital's assertion that "[n]othing in the record demonstrates that Goldsmith was engaged in interstate commerce when he departed California, overlooks that the "burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).  Capital has failed to show how its facts are distinguishable from those in *Abramson*.

b.  Although fraudulent concealment may toll the SOL, to succeed "a plaintiff must allege the supporting facts—i.e., the date of discovery, the manner of

---

[2]     Section 351 of the California Code of Civil Procedure states:

[i]f, when the cause of action accrues against a person, [the defendant] is out of the State, the action may be commenced with the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is no part of the time limited for the commencement of the action.

discovery, and the justification for the failure to discover the fraud earlier—with the same particularity as with a cause of action for fraud." *Fuller v. First Franklin Fin. Corp.*, 163 Cal. Rptr. 3d 44, 50 (Ct. App. 2013). Here, the record shows that Goldsmith did not conceal his opposition to Capital's claim of ownership in G2. At the latest, Goldsmith notified Capital of his disagreement in April 2010, which was sufficient to put a reasonable person on notice, and thus start the limitations period.

c. Capital also argues that its state-court lawsuit should have equitably tolled the SOL. We do not hold this argument persuasive. First, Capital alleged no facts regarding equitable tolling in its complaint, which it had the burden of doing. *See Hinton*, 5 F.3d at 395. Second, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals Co., Inc. v. Mucus Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted). Third, Capital's argument that the panel should overlook its procedural failings because there are exceptional circumstances in this case is not convincing. In order for equitable tolling to apply, the plaintiff must show that, among other things, it acted reasonably and in good faith. *See Addison v. State*, 21 Cal. 3d 313, 319 (1978). Here, little is known about the state-court

litigation other than that it lasted for 13 months and was dismissed at Capital's request. Capital has failed to meet its burden of showing exceptional circumstances warranting reversal.

d. Capital's assertion that, pursuant to 11 U.S.C. § 108, the filing of its bankruptcy petition in June 2012, tolled the SOL for two years, if not waived, still does not excuse the timing of its action against Goldsmith and G2. The claim is waived because Capital did not raise the argument in the Bankruptcy Court but only in its appeal to the Bankruptcy Appellate Panel. *Lahr v. National Transp. Safety Bd.*, 569 F.3d 964, 980 (9th Cir. 2009); *A-1 Ambulance Serv., Inc. v. County of Monterey*, 90 F.3d 333, 339 (9th Cir. 1996). In any event, as Capital filed its petition in June 2012, applying § 108, it needed to file its claims against Goldsmith and G2 by June 2014, but Capital did not add Goldsmith and G2 to its action until July 2014. There is nothing in the record showing that Goldsmith and G2 were so closely related to the defendant in the original suit as to have constructive notice of the original suit. *See G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1502–03 (9th Cir. 1994). Accordingly, Capital has not shown that § 108 excused its failure to proceed against Goldsmith and G2 within the two-year SOL.

The Bankruptcy Court's dismissal of Capital's claims against Goldsmith and G2 is **AFFIRMED**.