**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEMONT AIKO CONNER, AKA De MONT R. D. Conner; JOHN-MICHAEL KAIO,<br><br>       Plaintiffs-Appellants,<br><br>v.<br><br>MACQUARIE INFRASTRUCTURE CORP.; HAWAII GAS COMPANY, AKA Gas Co, LLC, AKA Hawaii Gas; UNITED STATES OF AMERICA; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>       Defendants-Appellees. | No.   21-16799<br><br>D.C. No.<br>1:21-cv-00181-JMS-RT<br><br><br>MEMORANDUM* |
| DEMONT AIKO CONNER, AKA De MONT R. D. Conner; JOHN-MICHAEL KAIO,<br><br>       Plaintiffs-Appellees,<br><br>v.<br><br>HAWAII GAS COMPANY, AKA Gas Co, LLC, AKA Hawaii Gas, | No.   21-16920<br><br>D.C. No.<br>1:21-cv-00181-JMS-RT |

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant,

and

MACQUARIE INFRASTRUCTURE CORP.; UNITED STATES OF AMERICA; FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants.

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted August 16, 2022 [**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

In No. 21-16799, Plaintiffs John-Michael Kaio and de Mont Conner (Plaintiffs) appeal pro se from the district court's summary judgment in their action to quiet title to real property located at 86-044 Hoaha Street in Wai'anae, Hawaii (the Property) against The Gas Company, LLC (Hawaii Gas), Macquarie Infrastructure Corporation (Macquarie), the Federal National Mortgage Association (FNMA), and the United States. Plaintiffs also appeal the district court's refusal to disqualify and sanction FNMA's counsel, and they argue that the

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

district court was biased against them. In No. 21-16920, Hawaii Gas appeals the district court's denial of its motion for attorney's fees. We affirm.

Reviewing de novo,[1] we conclude the district court did not err in dismissing the claims against FNMA, which had disavowed any current interest in the Property. *See Ibbetson v. Kaiawe*, 422 P.3d 1, 17 (Haw. 2018); *see also* Haw. Rev. Stat. § 669-1(a). In doing so, the district court appropriately accounted for Plaintiffs' pro se status[2] and did not commit structural error.[3]

The district court also did not err in entering summary judgment in favor of Hawaii Gas and Macquarie, and in denying the Plaintiffs' motion for summary judgment. *See Brower v. Evans*, 257 F.3d 1058, 1065 (9th Cir. 2001). The record supports the district court's conclusion that Hawaii Gas and Macquarie were entitled to judgment on the ground that it was undisputed that Easement 138 was a valid encumbrance on the Property in favor of Hawaii Gas. *See* Fed. R. Civ. P. 56(a). On this record, the district court properly refused to grant Plaintiffs' motion for summary judgment. *See Ibbetson*, 422 P.3d at 17.

---

[1] *Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*, 298 F.3d 768, 772 (9th Cir. 2002).

[2] *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

[3] *See Johnson v. United States*, 520 U.S. 461, 468–69, 117 S. Ct. 1544, 1549–50, 137 L. Ed. 2d 718 (1997).

The district court did not abuse its discretion in denying Plaintiffs' efforts to disqualify and sanction FNMA's counsel (Dentons US LLP, hereinafter "Dentons"). *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990) (Rule 11); *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) (disqualification); *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2015) (en banc); *see also* Fed. R. Civ. P. 11(b).  The record does not support Plaintiffs' accusations that Dentons made false assertions to the court or violated any rule of professional conduct[4] in its representation of FNMA.  Likewise, the district court did not abuse its discretion in failing to sua sponte recuse itself for purported bias against Plaintiffs.  *See* 28 U.S.C. § 455(a). Judge Seabright did not ignore or disregard Plaintiffs' filings.  Judge Seabright's determination that Plaintiffs' filings largely lacked merit does not demonstrate bias.  *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S. Ct. 1147, 1157–58, 127 L. Ed. 2d 474 (1994).

In No. 21-16920, the district court did not abuse its discretion in denying Hawaii Gas's motion for attorney's fees.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000); *see also* Haw. Rev. Stat. § 607-14.5(a).

---

[4] *See* Haw. Rules of Pro. Conduct r. 1.7(a).

4

The district court's determination that Plaintiffs did not act in bad faith[5] is not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record."[6] *See Lee v. Haw. Pac. Health*, 216 P.3d 1258, 1270 (Haw. Ct. App. 2009).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening briefs. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[5] *See Tagupa v. VIPDesk*, 353 P.3d 1010, 1021–22 (Haw. 2015).

[6] *Hinkson*, 585 F.3d at 1263.